THE PEOPLE OF THE STATE OF NEW YORK ex rel. HARRY RANKIN, Relator, against HERMAN J. RUTHAZER, as Warden of City Prison of City of New York, Borough of Manhattan, Defendant.

Supreme Court, Special Term, New York County, June 2, 1950.

*Joseph Lonardo* for relator.

*Frank S. Hogan, District Attorney (Salvatore J. Camp* of counsel), for respondent.

STEUER, J.  This is a writ of habeas corpus.  On August 4, 1939, the relator was sentenced to a period of ten to thirty years in State prison in the State of Michigan for the crime of armed robbery.  He served until December 9, 1945, on which date he was turned over on a certificate of " Parole in Custody " to the authorities of this State to answer an indictment for murder.  On May 27, 1947, this indictment was dismissed.  On the same day relator was held for violation of parole but this was merely for the purpose of arranging further terms of the parole from Michigan.  On August 8, 1947, the Michigan Parole Board issued a new certificate granting parole from May 27, 1947, for a period of four years, on condition that relator abide by the terms of the certificate.  Relator signed this certificate.

On March 21, 1950, the same board issued a parole violation warrant stating a violation occurring February 28, 1950, and on March 11, 1950, relator was arrested pursuant to this warrant. Thereafter relator sued out this writ.

Two questions are presented. Admittedly, the procedure is pursuant to section 224 of the Correction Law. It is claimed that this section is unconstitutional. Secondly, it is claimed that even if this section is effective, relator can not be extradited because he has completely served his term in Michigan and is not a fugitive from justice.

The second question is a mixed question of law and fact and the record is not complete on the subject. There is, however, the preliminary question of whether that question is to be decided here or in Michigan and as this is a question purely of law it can be disposed of forthwith despite the condition of the record.

Section 224 authorizes the Governor on behalf of the State to enter into a compact with all other States which sign the same compact. Such a compact has been entered into. Michigan is one of the signatories. The general purpose of the compact is to provide for the residence of persons on probation or parole from one State (called the sending State) in another (called the receiving State). The compact provides conditions of such residence, provides for supervision and the like. On the application the material part reads: " (3) That duly accredited officers of a sending state may at all times enter a receiving state and there apprehend and retake any person on probation or parole. For that purpose no formalities will be required other than establishing the authority of the officer and the identity of the person to be retaken. All legal requirements to obtain extradition of fugitives from justice are hereby expressly waived on the part of states party hereto, as to such persons. The decision of the sending state to retake a person on probation or parole shall be conclusive upon and not reviewable within the receiving state; provided, however, that if at the time when a state seeks to retake a probationer or parolee there should be pending against him within the receiving state any criminal charge, or he should be suspected of having committed within such state a criminal offense, he shall not be retaken without the consent of the receiving state until discharged from prosecution or from imprisonment for such offense."

On this application it has been expressly conceded that the officer seeking the relator is the duly accredited officer of the

sending State and that the relator is the person to be retaken. It would seem that according to the statute that these are the only questions to be decided in the receiving State. But, as indicated, relator insists that in addition it must be decided that he is presently on parole. This contention is contrary to the express words of the statute providing that the decision of the sending State shall be conclusive upon and not reviewable within the receiving State. At the very least, where there is a strong colorable retaking as of right inquiry would be precluded.

The constitutionality of the section has been questioned. No reported decision on this question in this State exists. Relator's argument is to the effect that the section contravenes section 2 of article IV of the Federal Constitution and other existing provisions for extradition in our laws. As to the latter there can be no objection to providing more than one method of extradition. As to the former, the constitutional provision is in itself in the nature of a compact between all the States and is a provision that the State must recognize (*Appleyard* v. *Massachusetts*, 203 U. S. 222). It does not purport to define the only procedure, or in any way indicate that if the procedure outlined is not followed the rights of an individual are impaired. If the procedure indicated is followed the harbouring State must yield the individual. Beyond that the provision does not go.

There being no further question of fact the writ is denied. Relator is remanded for surrender to the officer of the State of Michigan.